UNITED STATES of America,
Plaintiff–Appellee,

v.

Michael Alan CASSINI, Defendant–
Appellant.

No. 05–30623.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 23, 2006.*

Filed Nov. 15, 2006.

Helen J. Brunner, Esq., Norman McIntosh Barbosa, Esq., Richard E. Cohen, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Terrence Kellogg, Esq., Law Office of Terrence Kellogg, Seattle, WA, for Defendant–Appellant.

Before: KOZINSKI, and FERNANDEZ, Circuit Judges, and WINMILL,** District Judge.

**MEMORANDUM \*\*\***

Michael Alan Cassini appeals his sentence arising out of his conviction for wire and bank fraud. *See* 18 U.S.C. §§ 1343, 1344. He asserts ineffective assistance of counsel.[1] We affirm.

While we do not generally consider ineffective assistance of counsel claims on direct appeal, the record here is well enough developed to enable us to do so. *See United States v. Jeronimo,* 398 F.3d 1149, 1155–56 (9th Cir.2005); *United States v. McKenna,* 327 F.3d 830, 845 (9th Cir. 2003).

 We have carefully reviewed the record and are able to determine that

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable B. Lynn Winmill, Chief United States District Judge for the District of Idaho, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. He does not directly attack the sentence as such, only counsel's alleged ineffectiveness.

counsel was not ineffective. In fact, the record shows that counsel's representation was well "within the range of competence demanded of attorneys in criminal cases." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) (internal quotation marks omitted). Counsel agreed to the various stipulations defendant now challenges—the loss calculation and the number of victims—in exchange for the government's agreement to drop several of the charges. This was a reasonable strategic decision, given the weight of the evidence against defendant. *Id.* Moreover, counsel's performance at the sentencing hearing did not bespeak ineffectiveness. For example, his tactic of attempting to make Cassini seem more troubled and picaresque than troubling and facinorous was well within the range of competence that we demand and expect.

AFFIRMED.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.